**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID DERIVEAU,

    Petitioner,

v.

                            Case No. 05-CV-71191-DT
                            Criminal Case No. 03-80893-DT
                            HONORABLE DENISE PAGE HOOD

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER RE:  MOTION UNDER 28 U.S.C. § 2255**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

       Petitioner David Deriveau entered into a Rule 11 Plea Agreement with the Government. The Court imposed its Judgment on September 2, 2004, sentencing Defendant to 37 months of imprisonment. On March 28, 2005, Defendant filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  A response was filed by the Government.

       Motions brought under 28 U.S.C. § 2255 must present a challenge to the constitutionality of the sentence:  whether the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law, or some other collateral attack to the sentence. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991).  "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict."  *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003).

       Deriveau seeks relief for a lesser sentence due to the outcome of the *Booker* case because


his sentence was enhanced based on two prior convictions.  The first conviction was a larceny from a person which Deriveau claims is a felony but not a crime of violence under state law.  The second conviction was for a second aggravated stalking, which Deriveau claims is a misdemeanor.  Deriveau argues his sentencing guidelines would have been lower if the two prior convictions were considered in his sentence.

In response, the Government claims that the Supreme Court in *United States v. Booker,* 125 S.Ct. 738 (2005), explicitly provided that its holding was to be applied "to all cases on direct review" and that the holding did not extend to petitions seeking post-conviction relief.  *Id.* at 769.  The Government further claims that the Sixth Circuit has held that *Booker* is not retroactive to cases on post-conviction review.

In *Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005), a petition under 28 U.S.C. § 2255, the Sixth Circuit concluded that *Booker* does not apply retroactively to collateral proceedings such as a § 2255 motion.  398 F.3d at 860.  Deriveau's sentence was imposed on September 2, 2004.  Deriveau filed no direct appeal of his sentence.  Deriveau filed the instant § 2255 motion on March 28, 2005.  Based on *Humphress*, the Supreme Court's holding in *Booker* does not apply to Deriveau's § 2255 motion to vacate, set aside or correct his sentence.  Other than the *Booker* claim, Deriveau has not alleged that the sentence imposed violated the Constitution, that the Court did not have jurisdiction over the imposition of the sentence, or the sentence was in excess of the maximum authorized by law.

Accordingly,

IT IS ORDERED that the Petition to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 **(Case No. 05-CV-71191-DT, Docket No. 1 and Case No. 03-CR-80893-01, Docket No. 16, filed March 28, 2005)** is DENIED.

IT IS FURTHER ORDERED that the Order to Show Cause issued by the Court on May 20, 2005 **(Case No. 05-CV-71191-DT, Docket No. 3, filed May 20, 2005)** is SET ASIDE, the Court having inadvertently issued the Order.

IT IS FURTHER ORDERED that Civil Case No. 05-CV-71191-DT is DISMISSED with prejudice.

       s/ DENISE PAGE HOOD
       DENISE PAGE HOOD
       United States District Judge

DATED: May 26, 2005